UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

PARKER McCAY P.A.
BRIAN E. CAINE, ESQ.
9000 Midlantic Drive; Suite 300
Mt. Laurel, New Jersey 08054
(856) 985-4059
Attorney for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT

In Re:

Mohammed S. Bhuiyan

Order Filed on February 14, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 17-33517-RG
Chapter 13
Hearing Date: February 6, 2019

Judge: Gambardella

**ORDER RESOLVING U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT'S CERTIFICATION OF DEFAULT**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: February 14, 2019**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

**(Page 2)**
Debtor:  Mohammed S. Bhuiyan
Case No:  17-33517-RG

Caption of Order:  Order Resolving U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT's Certification of Default

Upon the certification of default filed by U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT's (hereinafter "U.S. Bank" or "Movant") for alleged default under the terms of a prior agreed order on the basis of alleged post-petition default, and the parties having settled their differences and agree to the form, content and entry of the within order; and for good cause appearing therefore, it is hereby;

**ORDERED** as follows:

1. The arrears under the Agreed Order dated July 27, 2018 (at docket number 58) is $2,661.39 as of February 5, 2019.

2. The debtor shall cure the arrears as follows:

    A)    $941.19 by February 7, 2019.
    B)    $941.19 by February 28, 2019.
    C)    $1,720.20 by March 15, 2019 (which represents the regular monthly payment of $941.19 due March 1, 2019 and the remaining arrears of $779.01

3. Commencing with April 1, 2019 regular monthly post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

4. Debtor shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $300.00 for attorney's fees incurred by Movant in the prosecution of its application for relief from stay.

**(Page 3)**
Debtor:   Mohammed S. Bhuiyan
Case No:  17-33517-RG

Caption of Order:  Order Resolving U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT's Certification of Default

---

5.    **Default Clause:**    If the Debtor should default and fail to make the cure payments stated herein in paragraph two (2) within fifteen (15) days of their due date, or if the Debtor should default and fail to make the regular mortgage payments stated herein in paragraph three (3) within thirty (30) days of their due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter a General Relief Order, vacating the automatic stay of 11 *U.S.C.* §362(a) and §1301 co-debtor stay (if applicable) with respect to the realty commonly known as 47 Redwood Avenue, Paterson, New Jersey 07522.  The Order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the Trustee, Debtor and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with the Local Rules of Bankruptcy Procedure.