STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

0_ Valuation of Security      0_ Assumption of Executory Contract or Unexpired Lease      0_ Lien Avoidance

Last revised: August 1, 2020

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: Mohammed S. Bhuyian      Case No.: 17-33517

Debtor(s)      Judge: RG

**Chapter 13 Plan and Motions**

☐ Original      ☑ Modified/Notice Required

☐ Motions Included      ☐ Modified/No Notice Required      Date: 01/20/2023

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE
**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULTS IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: DLS      Initial Debtor: MSB      Initial Co-Debtor: ___

## Part 1: Payment and Length of Plan

a. The debtor shall pay $1,157.00 per Month to the Chapter 13 Trustee, starting on Feburary 1, 2023 for approximately 5 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☑ Future earnings

☑ Other sources of funding (describe source, amount and date when funds are available):
*$42,823.00 paid into the plan to date

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
   Description: _____
   Proposed date for completion: _____

☐ Refinance of real property:
   Description: _____
   Proposed date for completion: _____

☑ Loan modification with respect to mortgage encumbering property:
   Description: 47 Redwood Avenue, Paterson, NJ 07522
   Proposed date for completion: By completion of the plan term

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☑ None

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE Scura, Wigfield, Heyer, Stevens & Cammarota, LLP | Administrative - supplemental attorney fees | Fee application to be submitted subject to court approval |
| Scura, Wigfield, Heyer, Stevens & Cammarota, LLP | Administrative | $3,200.00 pursuant to applicable fee app |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☑ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence

☐ NONE

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Rushmore Loan Management Serivces | 47 Redwood Avenue, Paterson, NJ 07522 | $38,586.94 | N/A | $38,586.94 (To be cured through loan modification as per the terms of the January 11, 2023 consent order) | $941.19 |
| Rushmore Loan Management Serivces | 47 Redwood Avenue, Paterson, NJ 07522 | $22,092.23 | N/A | $22,092.23 | $941.19 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**

☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:**

☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid Through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**

☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**

☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan**   ☑ NONE

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:**   ☑ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|

## Part 5: Unsecured Claims
☑ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $0.00 to be distributed *pro rata*

☑ Not less than 100% percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis of Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases
☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions ☑ NONE

**NOTE:** All plans containing motions must be served on all affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

☑

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Schedule Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate
☑ Upon confirmation
☐ Upon discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution
The Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims
The Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification  ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified:  06/23/2020.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Amend to include payments made to date and funding of plan through plan payments and loan modification; Amend to include claim for post-petition mortgage arrears | Part 1 a - has been modified to updated the monthlypayment to the trustee and remaining term of the plan; <br><br> Part 1 b - has been modified to reflect the amount paid into the plan as of today's date; <br><br> Part 3 a - has been modified to include supplemental attorney fees; <br><br> Part 4 a - has been modified to include post-petition arrears owed to Rushmore Loan Management and cure of same through a loan modification as per January 11, 2023 consent order |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 01/20/2023      /s/ Mohammed S. Bhuyian

Debtor

Date: 01/20/2023      /s/

Joint Debtor

Date: 01/20/2023      /s/ David L. Stevens

Attorney for the Debtor

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 17-33517-RG
Mohammed S. Bhuiyan  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin      Page 1 of 3
Date Rcvd: Jan 23, 2023      Form ID: pdf901      Total Noticed: 25

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 25, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Mohammed S. Bhuiyan, 47 Redwood Avenue, Paterson, NJ 07522-1925 |
| cr | + | Rushmore Loan Management Services, LLC as servicer, c/o FriedmanVartolo LLP, 1325 Franklin Avenue, Suite 160, Garden City, NY 11530-1631 |
| 517188210 | | Rushmore Service Center, PO Box 3508, Sioux Falls, SD 57117 |
| 517188211 | ++ | WELLS FARGO BANK NA, WELLS FARGO HOME MORTGAGE AMERICAS SERVICING, ATTN BANKRUPTCY DEPT MAC X7801-014, 3476 STATEVIEW BLVD, FORT MILL SC 29715-7203 address filed with court:, Wells Fargo Home Mortgage, 8480 Stagecoach Circle, Frederick, MD 21701 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Jan 23 2023 20:57:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jan 23 2023 20:57:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| cr | + | Email/PDF: gecsedi@recoverycorp.com | Jan 23 2023 21:02:21 | Synchrony Bank, c/o PRA Recievables Management, LL, POB 41021, Norfolk, VA 23541-1021 |
| 517188204 | + | Email/Text: BarclaysBankDelaware@tsico.com | Jan 23 2023 20:57:00 | Barclays Bank Delaware, P.o. Box 8803, Wilmington, DE 19899-8803 |
| 517188205 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jan 23 2023 21:02:17 | Capital One, 15000 Capital One Dr, Richmond, VA 23238 |
| 517188207 | + | Email/Text: BKPT@cfna.com | Jan 23 2023 20:56:00 | Credit First N A, 6275 Eastland Rd, Brookpark, OH 44142-1399 |
| 517255266 | | Email/Text: BKPT@cfna.com | Jan 23 2023 20:56:00 | Credit First NA, PO Box 818011, Cleveland, OH 44181-8011 |
| 517188208 | + | Email/PDF: creditonebknotifications@resurgent.com | Jan 23 2023 21:02:01 | Credit One Bank Na, Po Box 98875, Las Vegas, NV 89193-8875 |
| 517188206 | | Email/Text: BNSFS@capitalsvcs.com | Jan 23 2023 20:57:00 | Ccs/first Savings Bank, 500 East 60th St North, Sioux Falls, SD 57104 |
| 517188209 | + | Email/Text: ecourts.col_efilings@fskslaw.com | Jan 23 2023 20:57:00 | Fein, Such, ,Kahn & Shepard, 7 Century Dive, Ste. 201, Parsippany, NJ 07054-4673 |
| 517412664 | | Email/PDF: resurgentbknotifications@resurgent.com | Jan 23 2023 21:02:08 | LVNV Funding, LLC its successors and assigns as, assignee of MHC Receivables, LLC and, FNBM, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 517354997 | + | Email/Text: bankruptcydpt@mcmcg.com | Jan 23 2023 20:57:00 | MIDLAND FUNDING LLC, PO BOX 2011, WARREN MI 48090-2011 |
| 517319565 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | | |

| District/off: 0312-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jan 23, 2023 | Form ID: pdf901 | Total Noticed: 25 |

| Recip ID | | Notice Type | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | Jan 23 2023 21:02:19 | Portfolio Recovery Associates, LLC, c/o Barclaycard, POB 41067, Norfolk VA 23541 |
| 517402200 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Jan 23 2023 21:02:18 | Portfolio Recovery Associates, LLC, c/o Capital One Bank, N.A., POB 41067, Norfolk VA 23541 |
| 519569619 | + | Email/Text: flyersprod.inbound@axisai.com | Jan 23 2023 20:57:00 | Rushmore Loan Management Services, PO Box 55004, Irvine, CA 92619-2708, Rushmore Loan Management Services, PO Box 55004, Irvine, CA 92619-5004 |
| 519569618 | + | Email/Text: flyersprod.inbound@axisai.com | Jan 23 2023 20:57:00 | Rushmore Loan Management Services, PO Box 55004, Irvine, CA 92619-5004 |
| 517190386 | + | Email/PDF: gecsedi@recoverycorp.com | Jan 23 2023 21:13:07 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 517222851 | + | Email/Text: ToyotaBKNotices@nationalbankruptcy.com | Jan 23 2023 20:57:00 | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |
| 517431863 | | Email/Text: flyersprod.inbound@axisai.com | Jan 23 2023 20:57:00 | U.S Bank National Association, et al, c/o Rushmore Loan Management Services, P.O. Box 52708, Irvine, CA 92619-2708 |
| 519691502 | + | Email/Text: flyersprod.inbound@axisai.com | Jan 23 2023 20:57:00 | U.S. Bank National Association, Rushmore Loan Management Services, P.O. Box 55004, Irvine, CA 92619-2708, U.S. Bank National Association, Rushmore Loan Management Services 92619-5004 |
| 519691501 | + | Email/Text: flyersprod.inbound@axisai.com | Jan 23 2023 20:57:00 | U.S. Bank National Association, Rushmore Loan Management Services, P.O. Box 55004, Irvine, CA 92619-5004 |

TOTAL: 21

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 517431865 | * | U.S Bank National Association, et al, c/o Rushmore Loan Management Services, P.O. Box 52708, Irvine, CA 92619-2708 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2023              Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 20, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian E Caine | on behalf of Creditor U.S. Bank National Association Et Al bcaine@parkermccay.com, BKcourtnotices@parkermccay.com |

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 3 of 3 |
| Date Rcvd: Jan 23, 2023 | Form ID: pdf901 | Total Noticed: 25 |

David L. Stevens
    on behalf of Debtor Mohammed S. Bhuiyan dstevens@scura.com
    ecfbkfilings@scuramealey.com;pevangelista@scura.com;amurphy@scura.com;vmajano@scura.com;rshah@scura.com;jromero@scura.com;sduarte@scura.com;spereyra@scura.com;14518@notices.nextchapterbk.com

Denise E. Carlon
    on behalf of Creditor Toyota Motor Credit Corporation dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com

Jamal J Romero
    on behalf of Debtor Mohammed S. Bhuiyan jromero@scura.com
    dstevens@scura.com;ecfbkfilings@scuramealey.com;cmartinez@scura.com;vmajano@scura.com;rshah@scura.com;sduarte@scura.com;spereyra@scura.com;bramirez@scura.com;14799@notices.nextchapterbk.com

Jill Manzo
    on behalf of Creditor RUSHMORE LOAN MANAGEMENT SERVICES LLC  as servicer for U.S. BANK NATIONAL ASSOCIATION , NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT bankruptcy@fskslaw.com

Jonathan C. Schwalb
    on behalf of Creditor Rushmore Loan Management Services  LLC as servicer for U.S. Bank Trust National Association as trustee for Treehouse Series V Trust bankruptcy@friedmanvartolo.com, jschwalb@ecf.courtdrive.com

Marie-Ann Greenberg
    magecf@magtrustee.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 8